JOHN D. RAINEY, District Judge:
This is an appeal from the denial of a motion to dismiss based on the district court’s finding that a state district judge did not have immunity for his actions.
While driving home from work one night on Interstate 10, Plaintiff-Appellee Thomas Malina passed to the right of a slow moving vehicle. Malina honked his horn and motioned to the driver, who was Defendant-Appellant Judge Douglas Gonzales, of the Nineteenth Judicial District court for the Parish of East Baton Rouge, to move out of the “fast” lane.
Upset by Malina’s honking, Judge Gonzales placed a flashing red light on his dashboard and pursued Malina’s vehicle until Ma-lina pulled over to the side of the road. Judge Gonzales opened the passenger side door of Malina’s car and demanded to see Malina’s driver’s license. In response, Mali-na asked to see Judge Gonzales’ identification. Judge Gonzales showed Malina his court I.D. and told Malina he had the authority to arrest him. Malina then drove off.
Three hours later, a Baton Rouge city police officer appeared at Malina’s home and told Malina that Judge Gonzales wanted to see him in his court at 9:30 a.m. the next day. The officer stated that he was there unofficially as a favor to Judge Gonzales, but the Judge could issue a bench warrant for Mali-na’s arrest if Malina did not appear in court.
Malina appeared at court the next morning, but found the courtroom closed to the public. When Judge Gonzales arrived, he instructed Malina to wait in the empty courtroom. A few minutes later, Judge Gonzales, a bailiff, and a deputy sheriff entered the courtroom. The bailiff said “all rise,” and Judge Gonzales instructed Malina to approach the bench. No audio or stenographic record was made of the proceeding.
According to Malina, the Judge read from a book and stated that judges are police officers with the authority to arrest individuals. The Judge handed a green slip of paper to the bailiff and told Malina to appear before the duty-judge on May 2, 1988, concerning traffic violations. Malina asked with what he had been charged, and Judge Gonzales responded with “fleeing to allude,” “resisting an officer,” “public endangerment,” “disobeying an officer,” “reckless driving,” and “leaving the scene.” The Judge added that the charges would convince Malina to obey an order and pull over the next time anyone with a flashing light pulled alongside him. Malina responded that he did not feel comfortable stopping for unmarked vehicles with flashing lights because anyone can buy such a light.
At this point, Judge Gonzales cited Malina with contempt and sentenced him to five hours in jail. Malina was handcuffed, fingerprinted, photographed, and imprisoned.
Malina and his wife brought suit against Judge Gonzales in his official capacity and individually. In response, Judge Gonzales filed a motion to dismiss based upon official immunity. The District Court of the Eastern District of Louisiana denied Judge Gonzales’ motion to dismiss the claim against him in his individual capacity, on the ground that *1124 the Judge was not entitled to judicial or qualified immunity. Judge Gonzales now appeals the denial of his immunity claim. We affirm in part and reverse in part.
I. Standard of Review
The denial of a motion to dismiss raising a colorable claim of immunity is appealable under the collateral order exception to the finality requirement of 28 U.S.C. § 1291. Williams v. Brooks, 945 F.2d 1322, 1325 (5th Cir.1991), cert. denied, — U.S. -, 112 S.Ct. 1996, 118 L.Ed.2d 592 (1992). The district court’s denial of a motion to dismiss on immunity grounds presents a question of law, reviewable de novo. Id.
II. Judicial Immunity
Absolute judicial immunity extends to all judicial acts that are not performed in the clear absence of all jurisdiction. Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir.1985), cert. denied, 474 U.S. 1101, 106 S.Ct. 883, 88 L.Ed.2d 918 (1986). Thus, a judge has no immunity (1) for actions taken outside of his judicial capacity, or (2) for actions that are judicial in nature, but occur in the complete absence of all jurisdiction. Mireles v. Waco, — U.S. -, -, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). Judge Gonzales’ actions form four separate incidents. The first is the stop on the highway. The second is Judge Gonzales’ use of an officer to unofficially summon Malina. The third is the charging of Malina with various “crimes,” and the fourth is the issuance of the contempt citation and five hour jail sentence.
In determining whether Judge Gonzales’ actions were “judicial in nature,” this Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge’s chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. McAlester v. Brown, 469 F.2d 1280, 1282 (5th Cir.1972). The four factors are to be broadly construed in favor of immunity, and immunity should not be denied where the denial carries the potential of raising more than a frivolous concern in a judge’s mind that to take proper action might expose him to personal liability. Adams, 764 F.2d at 297. In some situations, immunity is to be afforded even though one or more of the McAlester factors is not met. Id.
The relevant inquiry regarding the first factor* — whether the precise act complained of is a normal judicial function — is to examine the “nature and function” of the act, not the act itself. Mireles, — U.S. at -, 112 S.Ct. at 288-89. The Court is to look to the particular act’s relation to a general function normally performed by a judge. Id.
Except for the issuance of the contempt citation and the sentencing, none of Judge Gonzales’ actions were judicial acts for immunity purposes. The first three incidents are not closely related to a general judicial function. Peace officers, not judges, stop motorists on the highway, and prosecutors, not judges, set the judicial machinery in motion by charging someone with a crime. It is well settled that charging a defendant is a prosecutorial function, not a judicial function. See Lopez v. Vanderwater, 620 F.2d 1229, 1235 (7th Cir.), cert. denied, 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980). Additionally, Judge Gonzales’ private use of an officer to unofficially summon Malina is not a judicial act, and is not closely related to a general judicial function. Consequently, Judge Gonzales can claim judicial immunity for neither the stop, the summons, nor the charging.
Judge Gonzales can, however, claim judicial immunity for the issuance of the contempt citation and the five hour jail sentence.
Citing someone for contempt is an act normally performed by a judge. Adams, 764 F.2d at 298. Likewise, issuing a sentence is a general judicial function. Lopez, 620 F.2d at 1235 (judge immune for actions of arraigning, convicting and sentencing). Both the contempt citation and the sentencing were “normal judicial functions.” Furthermore, the contempt citation and the sentencing occurred in the courtroom and arose directly *1125 from Malina’s visit to the Judge in his official capacity. Malina’s appearance at court, despite the Judge’s highly irregular “summons,” was a visit to the Judge in his “official capacity” as a judge. See, Adams, 764 F.2d at 297. Consequently, Judge Gonzales’ actions pass the “judicial nature” prong of the Míreles inquiry.
The second prong of the Míreles test states that a judge will lose his immunity if his judicial act occurred in the complete absence of all jurisdiction. Thus, this Court must determine whether Judge Gonzales had some subject-matter jurisdiction to issue the contempt citation and sentence.[1]
Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Adams, 764 F.2d at 298. The question is whether Judge Gonzales merely acted in excess of his authority in issuing the contempt citation and sentence, and is thus protected by judicial immunity, or whether he acted in clear absence of all jurisdiction. See, My. Schwartz & J. Kirklin, I Section 1983 Litigation § 9.3 at 451 (1911). It is important to note that “judicial immunity is not overcome by allegations of bad faith or malice.” Míreles, — U.S. at -, 112 S.Ct. at 288. It is the Judge’s actions alone, not intent, that we must consider.
By law, a judge in Louisiana may hold someone in contempt and sentence him for “[cjontumacious, insolent, or disorderly behavior toward the judge.” La.Code Civ.Proc. Ann. art. 222. See also, La.Code Civ.Proc. Ann. arts. 221 and 223. Thus, Judge Gonzales had some subject-matter jurisdiction over Malina’s actions within his courtroom. Malina argues, however, that he was not sentenced for his behavior within the courtroom, but that he was sentenced for what occurred on the highway.
The district court assumed Malina’s version of the facts as true, and found that Judge Gonzales essentially “sentenced” Mali-na to jail for the “charges” brought against him. It is not clear from the record if charges were ever filed against Malina. For the purpose of a motion to dismiss, however, this Court must assume all well-pleaded alie--gations as true. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572, (5th Cir.1988). Thus, the question is whether Judge Gonzales acted with the complete absence of all jurisdiction, having absolutely no subject matter jurisdiction to sentence Malina for “fleeing to allude,” “resisting an officer,” “public endangerment,” “disobeying an officer,” “reckless driving,” and “leaving the scene.”
A review of the Louisiana Code reveals that Judge Gonzales did have some subject-matter jurisdiction over the case. According to Article 5, section 16 of the State Constitution, a district court has original jurisdiction of all civil and criminal matters, except as otherwise authorized by the Constitution. The charges brought against Malina did not fall within the “otherwise authorized” exception. Accordingly, Judge Gonzales had at least some subject-matter jurisdiction over Malina’s case.
Judge Gonzales’ illegitimate prior acts of arrest and summons are ill-received by this Court, but they did not completely deprive him of subject-matter jurisdiction. See Lopez, 620 F.2d at 1233. Even “grave procedural errors do not deprive a judge of all jurisdiction.” Stump v. Sparkman, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978).
Judge Gonzales’ actions of citing Malina with contempt and sentencing him to five hours in jail are judicial acts, and they were not taken in the clear absence of subject-matter jurisdiction. Thus, under no set of facts can Malina overcome Judge Gonzales’ entitlement to immunity for the contempt citation and sentence.
Accordingly, we reverse on this point.
III. Qualified Immunity
Generally, the qualified immunity inquiry focuses on whether the contours of the right *1126 allegedly violated were sufficiently clear such that a reasonable official would understand that his action violated that right. Mouille v. City of Live Oak, 918 F.2d 548, 551 (5th Cir.1990). This Court must determine if Judge Gonzales’ actions violated a constitutional right, and if so, would a reasonable person have known he was violating that right.
Because we have found that Judge Gonzales had absolute judicial immunity in issuing the contempt citation, we do not need to reach the qualified immunity inquiry. We need only discuss whether the stop on the interstate and the summons into court are actions protected by qualified immunity.
Judge Gonzales argues that he did not violate Malina’s Fourth Amendment" rights on the interstate because no seizure occurred. A seizure can occur, however, through physical force or a “show of authority.” California v. Hodari D., — U.S. -, -, 111 S.Ct. 1547, 1552, 113 L.Ed.2d 690 (1991). Judge Gonzales stopped Malina on the interstate by flashing a red light, which is a show of authority. Thus, Judge Gonzales’ argument is without merit.
Judge Gonzales further argues that even if a seizure occurred, a seizure must be unreasonable to create a constitutional violation. See, Brower v. County of Inyo, 489 U.S. 593, 599, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989). Again, accepting Malina’s version of the facts as true, the stop was unreasonable. Judge Gonzales stopped Malina because Malina honked his horn and motioned to the Judge to change lanes. This does not give rise to probable cause or reasonable suspicion. The facts simply do not support Judge Gonzales’ contentions that the stop was reasonable and proper.
Because a constitutional violation occurred, we must address the immunity inquiry.
Ultimately, Judge Gonzales is not entitled to make a claim of qualified immunity for he was not a peace officer authorized to stop Malina. Judge Gonzales is no different than any other person who purchases a red light and stops people on the interstate. This finding is consistent with our decision in Brewer, 692 F.2d at 396, in which we held that a Justice of the Peace had no authority to pursue and arrest the plaintiff, and thus no immunity for his actions.
Judge Gonzales attempts to show that he had authority under Louisiana law to arrest Malina, but the Judge’s argument fails. The only authority cited by Judge Gonzales is Louisiana’s murder statute, which defines first degree murder as the killing of a human being “when the offender has a specific intent to kill or to inflict great bodily harm upon a ... peace officer engaged in the performance of his lawful duties.” La.Rev. Stat.Ann., § 14:30(A)(2). The statute includes “judge” in its definition of “peace officer,” but specifically limits its definition of peace officer “[f]or the purposes of’ § 14:30(A)(2). La.Rev.Stat.Ann., § 14:30(B). Thus, this statute has no bearing on the case before us.
Moreover, under the “Peace Officer Standards and Training” section of the Louisiana annotated statutes, “peace officer” is defined as:
any full-time appointed or commissioned employee of a sheriffs department, municipal police department, or the State Police, whose employment duties actually include the making of arrests, the performing of searches and seizures, or the execution of criminal warrants, and which is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of the state.
La.Rev.Stat.Ann., § 40:2402(1). Additionally, under section 40:2405, every peace officer must “successfully complete a basic law enforcement training course.” As the District Court noted, Judge Gonzales has not argued that he successfully completed any training course in the area of law enforcement.
Consequently, this Court finds that Judge Gonzales is not entitled to claim qualified immunity, for under a fair, and even charitable reading of Louisiana law, judges have no authority to make arrests. The district court correctly denied Judge Gonzales’ motion to dismiss on qualified immunity grounds with regard to the interstate incident.
Judge Gonzales has not claimed immunity for the coercive summons by the police offi *1127 cer and the charging of Malina with various offenses, and he does not argue that a constitutional violation did not occur. Therefore, we affirm the district court’s denial of qualified immunity as to this aspect of the case as well.
IV.
This case is affirmed in part and reversed in part.

. Viewing the case as a question of subject-matter jurisdiction is consistent with the position taken by a majority of the Circuits and the Supreme Court. See, e.g., Adams, 764 F.2d at 298; Brewer v. Blackwell, 692 F.2d 387 (5th Cir.1982); and Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1871).