Sharron **STEWART**, Houston Audubon Society, and Sierra Club,

v.

Eric R. **POTTS**, District Engineer; U.S. Army Corps of Engineers, Galveston District; Togo D. West, Jr., Secretary of the Department of the Army; The City of Lake Jackson; and James Martin, Mayor.

Civil Action No. G–96–282.

United States District Court, S.D. Texas, Galveston Division.

Oct. 30, 1997.

---

James B. Blackburn, Jr., Richard Roberts Morrison, IV, Blackburn & Carter, Houston, TX, for Sharron Stewart, Houston Audubon Society.

James B. Blackburn, Jr., Blackburn & Carter, Houston, TX, for Sierra Club.

Louis J. Schiffer, Environment and Natural Resources Div., Washington, DC, Eileen T. McDonough, Daniel M. Flores, DOJ, Environmental Defense Section, Washington, DC, Donna Fitzgerald, General Litigation Section, Washington, DC, Mellie M. Billingsley, U.S. Army Corps of Engineers, General Counsel, Galveston, TX, for U.S. Army Corps of Engineers.

Louis J. Schiffer, Environment and Natural Resources Div., Washington, DC, Eileen T. McDonough, DOJ, Environmental Defense Section, Washington, DC, Donna Fitzgerald, General Litigation Section, Washington, DC, Mellie M. Billingsley, U.S. Army Corps of Engineers, General Counsel, Galveston, TX, for Togo D. West, Jr.

Barry Abrams, Abrams, Scott and Bickley, Houston, TX, for City of Lake Jackson.

### ORDER

KENT, District Judge.

Plaintiffs Sharron Stewart, Houston Audubon Society, and Sierra Club bring this action against Colonel Eric R. Potts in his official capacity as District Engineer of the Army Corps of Engineers,[1] the United States Army Corps of Engineers (the "Corps"), Togo D. West in his official capacity as Secretary of the Department of the Army (collectively, the "Federal Defendants"), and also against the City of Lake Jackson and James Martin in his official capacity as Mayor of Lake Jackson. Plaintiffs seek injunctive and other relief pursuant to the Administrative Procedure Act ("APA"),[2] the Clean Water Act ("CWA"),[3] and the Declaratory Judgment Act,[4] for violations of the National Environmental Policy Act ("NEPA")[5] and the CWA. The Federal Defendants have filed a Partial Motion to Dismiss the Plaintiffs' claims arising under the citizen suit provision of the CWA, section 505(a)(1),[6] and the federal mandamus provision.[7] The City of Lake Jackson has filed a Motion to Dismiss the Plaintiffs' First Amended Complaint in its entirety under FED.R.CIV.P. 12(b)(1) and 12(b)(6).[8] For the reasons stated below, both Motions to Dismiss are hereby **GRANTED.**

## I. FACTUAL BACKGROUND

This litigation arises over the Corps' issuance of a permit under section 404 of the CWA[9] to the City of Lake Jackson to construct a golf course on a 200–acre tract of forest and wetlands adjacent to the Brazos River near the Gulf of Mexico in Lake Jackson, Brazoria County, Texas. The Corps issued the permit on February 12, 1996. Plaintiffs allege that the permit was improperly issued because of several deficiencies in the Corps' consideration of the permit application. The crux of Plaintiffs' complaints with the permit issuance is their allegation that the Corps improperly eliminated a substantial area on the proposed golf course site from classification and consideration as wetlands. Essentially, Plaintiffs argue that the improperly classified land is composed of

1. Plaintiffs originally named Robert Gatlin as Defendant in his official capacity as District Engineer for the Galveston District of the Corps. Gatlin has been replaced as District Engineer by Col. Eric Potts. Pursuant to FED.R.CIV.P. 25(d)(1), Potts is automatically substituted for Gatlin as a party.

2. 25 U.S.C. §§ 701–706.

3. 33 U.S.C. § 1251 et seq.

4. 28 U.S.C. § 2201.

5. 42 U.S.C. §§ 4321–4370d.

6. 33 U.S.C. § 1365(a)(1).

7. 28 U.S.C. § 1361.

8. The City's Motion to Dismiss is intended to include the claims against Mayor James Martin in his official capacity. Thus the disposition of the claims against James Martin will be the same as the disposition of the claims against the City of Lake Jackson.

9. 33 U.S.C. § 1344.

Pledger clay soils, which are not formally classified as hydric soils, but nonetheless may contain wetland characteristics. Because the Corps did not consider the possibility that these soils may be wetlands, Plaintiffs claim that the Corps' jurisdictional disclaimer over these areas was improper.

Plaintiffs also dispute the Corps' determination of the number of wetlands that will be impacted by the golf course construction. Plaintiffs allege a myriad of other alleged violations of NEPA and CWA associated with the Corps' evaluation of the permit proposal, such as failure to properly consider alternative sites, failure to make factual determinations regarding the proposed drainage ditch associated with the construction, failure to make factual determinations of the effect that the proposed action will have on the wetlands, and failure to quantify the expected wetland losses.[10]

## II. STANDARD FOR DISMISSAL

When considering a Motion to Dismiss, the Court accepts as true all well–pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). A motion to dismiss for failure to state a claim should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

## III. FEDERAL DEFENDANTS' PARTIAL MOTION TO DISMISS

### A. *Clean Water Act*

■ First, the Federal Defendants allege that the CWA citizen suit provision authorizes civil suits only against regulated parties and not against the Corps of Engineers or the Environmental Protection Agency. CWA section 505(a)(1) provides that:

[A]ny citizen may commence a civil action on his own behalf—

(1) against any person (including (i) the United States ... ) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation.

33 U.S.C. § 1365(a)(1). The Federal Defendants cite *Bennett v. Spear*, —— U.S. ——, ——, 117 S.Ct. 1154, 1166, 137 L.Ed.2d 281 (1997), to support their claim that they are not subject to suit under this provision. *Bennett* held that an analogous provision of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(1)(A), only allows civil actions against regulated parties. That provision reads:

[A]ny person may commence a civil suit on his own behalf—

(a) to enjoin any person, including the United States and any other governmental instrumentality or agency ... who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof.

16 U.S.C. § 1540(g)(1)(A). The Supreme Court in *Bennett* reasoned that the ESA citizen suit provision above was a means by which private parties could enforce the substantive provisions of the ESA against regulated parties, not a mode of review of the Secretary of the Interior's administration of the statute. *Bennett*, —— U.S. at ——, 117 S.Ct. at 1166.

■ Plaintiffs here do not allege that the Federal Defendants are in violation of any effluent standard, limitation, or order, but instead challenge a Corps decision made in the course of the administration of the section 404 permit program. The Court agrees with the reasoning of *Bennett* regarding the comparable ESA citizen suit provision, and therefore holds that the citizen groups here cannot maintain suit against the Corps of Engineers under section 505(a)(1) of the CWA for an alleged violation of the Corps'

---

**10.** The exact violations alleged by Plaintiffs are not essential to the disposition of the Motions to Dismiss at issue, as these will be determined on

jurisdictional and procedural grounds. A full consideration of the merits of Plaintiffs' claims is not presented to the Court at this time.

duty to administer the section 404 permit program.[11] Section 505(a)(1) provides a private cause of action only against regulated parties for substantive violations of the CWA. In its administrative capacity, the Corps is not a regulated party that can violate a substantive provision of the CWA.

In their Response to the Federal Defendants' Motion to Dismiss, Plaintiffs improperly rely on an argument that establishes this Court's federal subject matter jurisdiction over their CWA claims, yet fails to state a cause of action against the Corps under CWA section 505(a)(1). Their argument can be briefly summarized: the construction of the golf course will result in the improper discharge of fill materials into wetlands; Plaintiffs have sued the City of Lake Jackson for CWA violations under the CWA citizen suit provision; the City will rely on the Corps' jurisdictional disclaimer and permit in its defense; therefore, the propriety of the Corps' determination is placed in issue. This argument is a valid basis for a consideration of the propriety of a permit under section 505(a)(1) when a proper party is the defendant, but here the Corps is not a proper defendant under that section.

Plaintiffs cite *Golden Gate Audubon Soc., Inc. v. United States Army Corps of Eng'rs*, 717 F.Supp. 1417 (N.D.Cal.1988), for their reasoning. Plaintiffs misconstrue the import of this analysis in the *Golden Gate* decision, for two reasons. First, the *Golden Gate* court, in a very similar case, relied on the above rationale to establish a basis for federal subject matter jurisdiction over a citizen enforcement suit against a *regulated party*, not against the Corps. Second, the court was faced not with a challenge to the existence of a cause of action, but with the regulated party's contention that the court

had no federal subject matter jurisdiction. *Id.* at 1419.

■ The Court agrees that *Golden Gate* provides a solid basis for federal subject matter jurisdiction. Clearly, if Plaintiffs could state a cause of action against the Corps under section 505(a)(1), then this Court has federal jurisdiction over that matter and all related matters required to resolve the issues. In fact, in cases such as this, where the jurisdiction of the federal court is intertwined with the grounds for relief in a citizen enforcement action, the Court must assume the existence of jurisdiction and determine the issues on the merits. *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1171 (5th Cir.), *cert. denied*, 484 U.S. 985, 108 S.Ct. 501, 98 L.Ed.2d 500 (1987). However, contrary to Plaintiffs' apparent belief, the fact that jurisdiction may exist does not provide Plaintiffs with a cause of action under the CWA. Regardless of the existence of jurisdiction, the Corps simply cannot be held liable for violations of effluent standards or orders under section 505(a)(1) based on its administration of the section 404 permit program. Thus, Plaintiffs' argument utterly fails to state a cause of action against the Corps. In fact, the *Golden Gate* court two months later held that the plaintiffs in that case could not sue the Corps under the enforcement section of the Clean Water Act because "that section allows suits against entities who are themselves in violation of an effluent standard or limitation." *Golden Gate Audubon Soc., Inc. v. United States Army Corps of Eng'rs*, 738 F.Supp. 339, 340 (N.D.Cal.1988) ("*Golden Gate II*") (citing 33 U.S.C. § 1365(a)) (emphasis added). In so holding, the *Golden Gate II* court explicitly rejected the same argument that Plaintiffs make here.[12] *Id.* at 341. This Court agrees with *Golden Gate II* that section 505(a)(1) does not provide citizens with a cause of

---

**11.** The Court notes that Plaintiffs did not bring an action under section 505(a)(2), which provides citizens with a cause of action against the "Administrator" for performance of a nondiscretionary duty. Therefore, the Court expresses no judgment on whether the Corps is amenable to suit under section 505(a)(2) for its administration of section 404. For a recent opinion that the Corps is not subject to suit under section 505(a)(2), see *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps*

*of Eng'rs*, 87 F.3d 1242, 1249 & n. 5 (11th Cir.1996) (noting its disagreement with the Fourth Circuit in this respect).

**12.** The plaintiff in *Golden Gate II* argued that fees could be awarded against the Corps under section 505 because the Corps' jurisdictional disclaimer created a defense to the plaintiff's enforcement action against the regulated party.

action against the Corps in its administrative capacity. *See also Sierra Club v. Pena,* 915 F.Supp. 1381, 1391 (N.D.Ohio 1996), *aff'd sub nom., Sierra Club v. Slater,* 120 F.3d 623 (6th Cir.1997) ("Plaintiffs may not sue the Corps under § 1365(a)(1) because the Corps is not itself in violation .of an effluent standard."). Accordingly, for the reasons stated above, the Federal Defendants' Partial Motion to Dismiss Plaintiffs' claims under 33 U.S.C. § 1365(a)(1) is **GRANTED** and those claims are hereby **DISMISSED WITH PREJUDICE.**[13]

### B. *Federal Mandamus Provision*

■ The Federal Defendants also argue that Plaintiffs cannot bring their claims under the federal mandamus provision, 28 U.S.C. § 1361, which gives district courts the power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Fifth Circuit has narrowly construed this provision to apply "only where government officials clearly have failed to perform nondiscretionary duties." *Dunn–McCampbell Royalty Interest, Inc. v. National Park Serv.,* 112 F.3d 1283, 1288 (5th Cir.1997). Plaintiffs would have to demonstrate that the Corps has a duty to perform a "specific, ministerial act, devoid of the exercise of judgment or discretion." *Id.* Plaintiffs have clearly failed to meet their burden in this regard; they do not dispute or even address the Federal Defendants' argument that the mandamus claim should be dismissed. While the Corps has a duty to follow the proper procedures in deciding whether to grant a section 404 permit, its decision is entitled to deference. *See Avoyelles Sportsmen's League, Inc. v. Marsh,* 715 F.2d 897, 904 (5th Cir.1983). The Corps must base its decision on a consideration of the relevant factors, but the Corps' decision to grant a section 404 permit does not give rise to the violation of a duty which is "positively commanded and so

plainly prescribed as to be free from doubt." *Dunn–McCampbell,* 112 F.3d at 1288. The Court therefore holds that the Federal Defendants owed no duty to Plaintiffs that would provide for review of Plaintiffs' claims under the Mandamus Act.[14] Accordingly, the Federal Defendants' Partial Motion to Dismiss Plaintiffs' claims under 28 U.S.C. § 1361 is hereby **GRANTED** and those claims are **DISMISSED WITH PREJUDICE.**

■ While the Court's holding today dismisses Plaintiffs' claims against the Federal Defendants asserted under the CWA and the Mandamus Act, Plaintiffs' action may be properly brought under the APA, which gives the district court jurisdiction over any "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Under the APA, a court may "set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Although Plaintiffs argue in their Response to the Federal Defendants' Motion to Dismiss that their claims are reviewable under the APA, this issue was not raised in the Federal Defendants' Motion to Dismiss. The issues of Plaintiffs' standing under the APA and review of the Corps' permit decision will be entertained on Summary Judgment Motions properly brought before the Court. Consideration of these issues on Summary Judgment is proper because the Court's review will be limited to the administrative record, as per this Court's Order dated September 5, 1997. *See Avoyelles,* 715 F.2d at 905–06 (5th Cir.1983). Accordingly, the parties have sixty (60) days from the date of this Order in which to submit Summary Judgment Motions on the remaining claims in this case under the APA. Responses to the Motions shall be filed not later than twenty (20) days from the date of filing. Replies will be allowed, not to

---

**13.** Because the Court has presumed jurisdiction over Plaintiffs' CWA claims against the Federal Defendants, those claims are dismissed under FED.R.CIV P. 12(b)(6) rather than 12(b)(1).

**14.** It is important to note that Plaintiffs have not requested relief under the mandamus provision; they have merely asserted it as a basis of jurisdic-

tion. Moreover, Plaintiffs have not responded at all to the Federal Defendants' Motion to Dismiss the mandamus claim. The Mandamus Act is unnecessary as a basis for jurisdiction, as the Court may review the propriety of the Corps' wetlands determination under the APA. For these reasons, the claim is dismissed.

exceed three (3) pages, and shall be filed not later than ten (10) days from the date the Response is filed.

### IV. CITY OF LAKE JACKSON'S MOTION TO DISMISS

Defendant City of Lake Jackson moves to dismiss Plaintiffs' claims against the City in their entirety under FED.R.CIV.P. 12(b)(1) and (6).[15] Plaintiffs bring claims against the City under the APA, CWA, NEPA, and the Declaratory Judgment Act.

#### A. *Administrative Procedure Act and National Environmental Policy Act*

■ The City moves to dismiss Plaintiffs' APA and NEPA claims because the City is a nonfederal entity and therefore the Court lacks jurisdiction over these claims under FED.R.CIV.P. 12(b)(1). The law is in accord. *See Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1055 (5th Cir.), *cert. denied*, 510 U.S. 820, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993) (no cause of action against nonfederal entities under APA); *see also* 42 U.S.C. § 4332(2)(C); *Richland Park Homeowners Ass'n, Inc. v. Pierce*, 671 F.2d 935, 941 (5th Cir.1982) (NEPA imposes procedural duties on federal agencies by requiring evaluation of proposed federal action in light of environmental effects). In response, Plaintiffs concede that the APA and NEPA do not provide them with a cause of action against the City of Lake Jackson. Accordingly, the City of Lake Jackson's Motion to Dismiss Plaintiffs' APA and NEPA claims is hereby **GRANTED** and such claims are **DISMISSED WITH PREJUDICE.**

#### B. *Clean Water Act*

■ The City moves to dismiss Plaintiffs' CWA section 505(a)(1) claims on the basis that Plaintiffs have not alleged that the City is in violation of an effluent standard or order. As discussed supra, section 505(a)(1) provides citizens with a cause of action against a regulated party who is in violation of an effluent standard or limitation under the CWA, or an order issued with respect to such standards and limitations. Without a violation, the Court lacks jurisdiction to act. *Save Our Community v. United States Envtl. Protection Agency*, 971 F.2d 1155, 1162 (5th Cir.1992).

Plaintiffs allege in response that Defendant has already permitted an adjacent landowner to destroy "wetlands" on the site that are not covered by the permit. Plaintiffs have not alleged that the City is currently in violation of, or even that the City has ever violated, any effluent standard or order. On the contrary, Plaintiffs concede that the City has refrained from any construction activities pursuant to the permit until a final resolution of these proceedings. A general, vague statement that an *adjacent landowner* has violated the CWA utterly fails to state a claim against the *City* for violating the CWA. Even if such an allegation could state a claim against the City, it does not in this case because there is no standard, limitation, or order respecting the land allegedly disturbed which could have been violated at this time. The Corps has disclaimed jurisdiction over all but the land covered by the permit on the proposed golf course site. Therefore, Plaintiffs have failed to plead a prima facie case for violations of the CWA. *See id; Carr v. Alta Verde Indus., Inc.*, 931 F.2d 1055, 1061 (5th Cir.1991) (an essential element of a prima facie case under the citizen suit provision is a good–faith allegation of continuous or intermittent violations). Accordingly, for the reasons stated above, Defendant City of Lake Jackson's Motion to Dismiss Plaintiffs' claims under the CWA citizen suit provision is hereby **GRANTED**, and all such claims are **DISMISSED WITH PREJUDICE.**

#### C. *Declaratory Judgment Act*

■ Plaintiffs assert only one other cause of action against the City of Lake Jackson, pursuant to the Declaratory Judgment Act, requesting a declaratory judgment that the City will be in violation of the Clean Water Act if the City attempts to construct the golf course. It is well settled that the

---

15. The City's Motion to Dismiss is intended to include Plaintiffs' claims against Mayor James Martin in his official capacity. Thus the disposition of the claims against James Martin will be the same as the disposition of the claims against the City of Lake Jackson.

Declaratory Judgment Act does not expand the jurisdiction of the federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950); *In re Asbestos Litigation*, 90 F.3d 963, 991 (5th Cir.1996), *vacated and remanded on other grounds sub nom.*, *Ortiz v. Fibreboard Corp.*, — U.S. —, 117 S.Ct. 2503, 138 L.Ed.2d 1008 (1997); *Appling County v. Municipal Elec. Auth. of Georgia*, 621 F.2d 1301, 1303 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980). It also does not create substantive rights; it is merely "a procedural device that enhances the remedies available" to plaintiffs in federal court. *In re Asbestos*, 90 F.3d at 991. In response to the City's Motion to Dismiss, Plaintiffs rely on the argument that their declaratory judgment request is jurisdictionally based on the allegation that the City will not be in compliance with CWA section 404 and will therefore violate section 301 if the golf course is constructed. However, because the Court has determined that it has no jurisdiction under the CWA, Plaintiffs have no independent jurisdictional basis under which they can seek declaratory relief. Accordingly, for the reasons stated above, the Federal Defendants' Motion to Dismiss Plaintiffs' claims under the Declaratory Judgment Act is hereby **GRANTED**, and all such claims are **DISMISSED WITH PREJUDICE.**

## V. CONCLUSION

For the reasons set forth above, the City of Lake Jackson's Motion to Dismiss under FED.R.CIV.P. 12(b)(1) and (6) is hereby **GRANTED** and Plaintiffs' claims against the City of Lake Jackson and Mayor James Martin in his official capacity are **DISMISSED WITH PREJUDICE.** The Federal Defendants' Partial Motion to Dismiss is also **GRANTED** and Plaintiffs' claims against the Federal Defendants under the CWA and the federal mandamus provision are **DISMISSED WITH PREJUDICE.** All parties are ORDERED to bear their own costs and attorney's fees incurred herein to date. The sole issue remaining in this case is the propriety of the Corps' permit decision and jurisdictional disclaimer over the area Plaintiffs allege to be wetlands. As stated previously, these issues will be reviewed in accordance with the standards of the Administrative Procedure Act, solely on the basis of the administrative record. No other evidence will be considered in the Court's review of the remaining issues. Accordingly, Plaintiffs and the remaining Defendants have sixty (60) days from the date of this Order in which to submit Summary Judgment Motions on the remaining issues in this case. Responses to the Motions shall be filed not later than twenty (20) days from the date of filing. Replies to the Responses will be allowed, not to exceed three (3) pages, and shall be filed not later than ten (10) days from the date the Response is filed. Furthermore, to the extent any trial settings or further court hearings have been ordered in this case, they are hereby **VACATED.**

**IT IS SO ORDERED.**

### *PARTIAL FINAL JUDGMENT*

For the reasons set forth in the Court's Order Granting Motions to Dismiss entered this date, the City of Lake Jackson's Motion to Dismiss is hereby **GRANTED** and all claims against the City of Lake Jackson and Mayor James Martin in his official capacity are **DISMISSED WITH PREJUDICE.** The Federal Defendants' Partial Motion to Dismiss is also hereby **GRANTED**, and Plaintiffs' claims under the CWA and the federal mandamus provision are **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**