Craig ROSS and his wife,
Jeri Ann Ross

v.

Ted BOODRY, Jr. and Mildred Boodry
and the Vessel Aurora, and
Francois Vigneron.

No. CIV. A. G–99–279.

United States District Court,
S.D. Texas,
Galveston Division.

July 16, 1999.

James Bruce McIver, Mandell and Wright, Houston, TX, for Craig Ross, Jeri Ann Ross, plaintiffs.

Edward J. Patterson, III, Fulbright and Jaworski, Houston, TX, for Ted Boodry, Jr., Mildred Boodry, Vessel Aurora, Francois Vigneron, defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

KENT, District Judge.

This case arises out of injuries allegedly sustained by Plaintiff Craig Ross during a boating accident in Galveston Bay. Plaintiffs allege that Defendants were negligent under the general maritime law and that such negligence was the cause of Plaintiff's injuries. Now before the Court is Defendants' Partial Motion for Dismissal for Failure to State a Claim of June 14, 1999. For the reasons set forth below, Defendants' Motion to Dismiss for Failure to State a Claim is **DENIED.**

### I. FACTUAL SUMMARY

Plaintiff Craig Ross joined Defendant Francois Vigneron aboard the vessel AURORA on October 26, 1996, for a pleasure cruise in Galveston Bay. Defendant Vigneron was operating the AURORA, which was owned by Defendants Ted Boodry, Jr., and Mildred Boodry. During the cruise, Plaintiff Craig Ross was allegedly knocked unconscious, resulting in a traumatic and disabling brain injury. He and his wife filed suit in this Court on May 6, 1998. In addition to the damages sought by Craig Ross, Plaintiff Jeri Ann Ross seeks damages for loss of society, support, and consortium.

### II. ANALYSIS

Defendants argue that damages for loss of consortium are not available under the general maritime law and ask the Court to dismiss all such claims on the part of Plaintiff Jeri Ann Ross under Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss for failure to state a claim for which relief may be granted, the Court accepts as true all well-pleaded allegations in the complaint and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d

80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County*, 836 F.2d 921, 926 (5th Cir.1988).

Defendants' argument that the United States Court of Appeals for the Fifth Circuit does not allow consortium damages is misleading. Defendants cite *Nichols v. Petroleum Helicopters, Inc.*, 17 F.3d 119, 122–23 (5th Cir.1994), for the proposition that the trend in that direction encompasses the spouses of non-seamen. However, Defendants fail to mention that the Fifth Circuit recognizes a distinction between non-seaman maritime workers injured on the high seas and those injured in territorial waters. *See Nichols*, 17 F.3d at 123. While the Fifth Circuit recognizes that spouses of non-seaman maritime workers injured on the high seas cannot recover for loss of consortium, *see id.* at 122–23 (*citing Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978)), it expressly allows the recovery of such damages for injuries occurring in territorial waters. *See id.* at 123. Moreover, this Court has found no Fifth Circuit decisions holding that spouses of nonseafarers [1] may not recover damages for loss of consortium. Presumably, Defendants have found no such caselaw either. At least one circuit that has addressed that issue, however, has held that spouses of nonseafarers may claim such non-pecuniary damages. *See Sutton v. Earles*, 26 F.3d 903, 914–15 (9th Cir.1994) (allowing survivors of deceased victims of a pleasure boat accident to recover for loss of society). This Court is of a similar mind; it is not willing to dismiss Plaintiffs' claims for loss of consortium under Rule 12(b)(6) without clear

guidance from the Fifth Circuit. Accordingly, Defendants' Motion to Dismiss for Failure to State a Claim is **DENIED.**

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**

---

**1.** The United States Supreme Court has defined "nonseafarers" as "persons who are neither seamen covered by the Jones Act, 46 U.S.C.App. § 688 (1988 ed.), nor longshore workers covered by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*" *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 n. 2, 116 S.Ct. 619, 623 n. 2, 133 L.Ed.2d 578 (1996).