IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40588

_____

LISA STOCKTON, ETC., ET AL,

                                                    Plaintiffs,

JEREMY DOUGLASS HILL;
LUCAS GALLAGHER; GEORGE
LARRY COURS, as next of friend of
COURTNEY COURS, a minor,

                                                    Plaintiffs-Appellants,

versus

CITY OF FREEPORT, TEXAS;
BRAZOSPORT INDEPENDENT
SCHOOL DISTRICT,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas, Galveston Division
USDC No. G-00-CV-744

_____

May 20, 2002

Before POLITZ, STEWART, and CLEMENT, Circuit Judges.

POLITZ, Circuit Judge:[*]

Jeremy Douglass Hill, Lucas Gallagher, and Courtney Cours appeal the Fed. R. Civ. P. 12(b)(6) dismissal of their civil rights actions under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments, against the Brazosport Independent School District and the City of Freeport, Texas. They also assert that the district court erred in denying them leave to amend their complaint a second time. Concluding that the complaint and amendment fail to state a constitutional violation, and that the district court did not abuse its discretion in denying leave to amend, we affirm.

## BACKGROUND

The instant action involves a Rule 12(b)(6) dismissal and we accordingly treat all of the allegations in the complaint as true.[1] Three days after the tragic and shocking 1999 shooting incident at Columbine High School, a threatening letter was found in the Brazosport High School computer room. School authorities suspected that a particular student, who spent his idle time with appellants, had left the letter there. Appellants were sophomores attending Brazosport High School in

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]    Malina v. Gonzales, 994 F.2d 1121, 1125 (5th Cir. 1993).

Freeport. They ate lunch together and traveled in the same social circle. On April 27, 1999, they were confronted by officers of the Freeport Police Department who placed them in a police car and took them to the Freeport municipal building. This building houses the local municipal court. During the process, the officers used profane language and threatened the students with immediate imprisonment and other harm if they did not yield to the officers' authority. The confrontation and subsequent detention took place without a warrant. Neither the officers nor the school authorities have placed in the record any reason for the detention.

Upon their arrival at the courthouse the students were placed in the municipal courtroom under a threat of five years imprisonment if they left. After an hour or so in the courtroom they were told to telephone their parents to tell them to come to the municipal building. The parents arrived and were told to wait with their children in the courtroom. The police and the school principal then lectured the students and parents, after which they were permitted to leave. Hill was the only appellant ever questioned by the police. His interrogation was short and occurred only after his mother stated that she could not wait in the courtroom and had to leave with her son. He was questioned briefly and they then left the building.

## ANALYSIS

In granting the Fed. R. Civ. P. 12(b)(6) dismissal, the district court concluded

3

that the plaintiffs failed to allege a Fourteenth Amendment violation, a Fourth Amendment violation, or a custom or policy as a cause of the violations. Appellants insist that the district court erroneously dismissed their complaint. We review a dismissal under Rule 12(b)(6) *de novo,*[2] and dismissal is only proper when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3] Appellants complain that the district court failed to accept as true all facts alleged in their complaint and failed to draw reasonable inferences from those facts. Additionally, they assert that the court applied the incorrect standard to the police/school actions by adopting a "special needs" analysis rather than a probable cause or reasonable suspicion analysis. After reviewing the record we are not persuaded.

Fourth Amendment

"The Fourth Amendment protects the right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures."[4] These protections extend "to searches and seizures by state officers, including

---

[2] Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 164 (5th Cir. 1997).

[3] Shipp v. McMahon, 234 F.3d 907, 911 (5th Cir. 2000).

[4] Milligan v. City of Slidell, 226 F.3d 652, 654 (5th Cir. 2000) (citations omitted).

4

public school officials."[5]  An otherwise unconstitutional search may be constitutional, however, "when special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable."[6] In <u>Milligan v. City of Slidell</u>,[7] we held that "students in the school environment have a lesser expectation of privacy than members of the population generally."[8]

The district court reasoned that the mere detention of the students for several hours was not sufficient to establish a Fourth Amendment violation in light of the school's custodial and tutelary responsibilities.  Under all relevant circumstances herein we are compelled to agree.  The reasonableness of a search and seizure must be determined by balancing the interests of the government against the invasiveness of the search or seizure.[9] Given the totality of the circumstances surrounding the detention of appellants, we cannot say with the required certainty that the actions of the school officials and police herein were unreasonable.  Accordingly, the

---

[5] <u>Vernonia Sch. Dist. 47J v. Acton</u>, 515 U.S. 646, 652 (1995) (citations omitted) (holding that the Fourth Amendment was not infringed by the school district's requirement of random drug-testing for all student athletes).

[6] <u>Id.</u> at 653.

[7] 226 F.3d 652.

[8] <u>Id.</u> at 655.

[9] <u>Id.</u> at 654.

district court did not err in its holding that appellees' interest in maintaining the safety of the other students outweighed appellants' Fourth Amendment rights in this sharply defined setting.

Fourteenth Amendment

The district court found that the appellants failed to assert a Fourteenth Amendment claim because their allegations only gave rise to a claim under the Fourth Amendment. We have held that a substantive due process claim does not exist where the allegations of a civil rights complaint assert illegal arrest and detention.[10] A review of the complaint clearly discloses that they do not raise a Fourteenth Amendment claim.[11]

Leave to Amend

Appellants maintain that the district court erred in denying them leave to amend a second time. We review the denial of a motion to amend for abuse of discretion.[12] The record before us does not reflect that they requested such leave

---

[10] Blackwell v. Barton, 34 F.3d 298, 302 (5th Cir. 1994).

[11] Id. (holding that a claim against a government official, or a government body itself, for arrest without probable cause is properly considered under the Fourth, rather than the Fourteenth, Amendment).

[12] Whitaker v. City of Houston, 963 F.3d 831, 836 (5th cir. 1992).

to amend or that it was denied. Accordingly, we cannot and will not review that issue. Having determined that appellants failed to state a constitutional violation, we do not reach the issue involving a claimed custom or policy.

The judgment of the district court is AFFIRMED.

Judge Stewart concurs in the judgment only.