**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-20258
_____

TERRY W. LYNCH,

Plaintiff-Appellant,

versus

HARRIS COUNTY TEXAS; DICK MOORE, Constable
Precinct 4 Harris County Texas in his official
capacity; and CORPORAL J. H. WRIGHT, Deputy
Constable, Precinct 4 Harris County Texas,
Individually, and in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
(No. 00-CV-402)
_____

May 22, 2002

Before DUHÉ, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry W. Lynch appeals an adverse summary judgment on his §
1983 claims for unreasonable search and seizure, excessive force,
false arrest, and malicious prosecution.  For the following
reasons, we reverse the district court's grant of summary judgment
on the unreasonable search and seizure claim, affirm the district

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's judgment in all other respects, and remand for further proceedings consistent with this opinion.

I.

When Terry W. Lynch arrived at work at Compaq Computers in Houston, Texas on April 30, 1998, Harris County Deputy Constable J. H. Wright was blocking the entrance to the parking lot with his police vehicle while he was talking to a Compaq security officer. Lynch waited about a minute, then honked his horn and yelled, "Hey, man, I got to go to work." Wright drove away, and Lynch entered the parking lot.

According to Lynch, Wright then activated the flashing red lights on his police car, blocked Lynch's vehicle, and began to repeatedly ask Lynch what his "problem" was. The two men exchanged insults, and Wright got out of his car and asked Lynch for his driver's license. While Wright was checking Lynch's identification, Lynch drove away and tried to park. Wright pursued him, ordered Lynch out of the vehicle, frisked him, and searched the car for weapons.

After searching the car, Wright ordered Lynch to step back and attempted to pat him down again. Lynch testified that his foot "may have brushed [Wright's] foot or leg or whatever" when he moved back and that Wright grabbed him, lifted him up as if to body slam him, and put him back down. After talking to Compaq Security Manager Walter Birmingham, Wright returned Lynch's driver's license

2

and allowed him to leave.  Wright later filed a complaint against Lynch for resisting arrest, but the charge was dismissed.

Lynch filed the instant suit asserting claims of unreasonable search and seizure, excessive force, false arrest, and malicious prosecution against Wright, Constable Dick Moore and Harris County, Texas.  The district court dismissed Lynch's claims against Harris County and adopted the magistrate judge's report and recommendation granting summary judgment on the claims against Wright and Moore. Lynch now appeals the summary judgment.

## II.

Lynch first contends that the district court erroneously admitted several affidavits offered on behalf of the defendants. We review claims of improperly admitted evidence for harmless error, affirming the district court's judgment unless the ruling affected the substantial rights of the complaining party.  *See* Tanner v. Westbrook, 174 F.3d 542, 546 (5th Cir. 1999).  Since the magistrate judge performed her own analysis and did not rely on any of the challenged portions of the affidavits, we find that Lynch's first claim of error lacks merit.

Lynch focuses his appeal on the district court's decision to grant summary judgment, which we review de novo.  *See* Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also* <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  On a motion for summary judgment, a court must review the facts in the light most favorable to the non-movant.  *See* <u>Peavy</u>, 221 F.3d at 167.

Lynch first contends that the district court erred in granting summary judgment on his unreasonable search and seizure claim. Under <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968), police officers may conduct a brief investigatory stop of an individual if they have a reasonable suspicion that criminal activity is afoot or that the person has been involved in a crime.  Lynch submits that he was seized when Wright asked "What's your problem?" and that Wright lacked reasonable suspicion for the seizure.  Viewing the allegations in the light most favorable to Lynch, we agree.

The first issue is whether Wright's asking Lynch if he had a problem rises to the level of a <u>Terry</u> stop.  As the Supreme Court noted in <u>Terry</u>, "[o]bviously, not all personal intercourse between policemen and citizens involves 'seizures' of persons.  Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred."  392 U.S. at 19 n.16.  In <u>Michigan v. Chesternut</u>, 486 U.S. 567 (1988), the Supreme Court elaborated

4

that there is a show of authority by an officer only if a reasonable person believes she is not free to leave.

Wright characterizes his initial conversation with Lynch as completely voluntary. However, according to Lynch's recitation of the facts, Wright turned on his flashing red lights, blocked Lynch's vehicle, and repeatedly asked him if he had a problem. Accepting this allegation as true, we find that Wright made a sufficient show of authority to cause Lynch to believe he was not free to leave. *See* Malina v. Gonzales, 994 F.2d 1121, 1126 (5th Cir. 1993) (finding that defendant's use of flashing red lights to stop plaintiff on interstate was seizure by use of show of authority).

Assuming that a Terry stop occurred, we must turn to the question of whether Wright had reasonable suspicion to conduct one. In Malina, 994 F.2d at 1126, we held that the defendant lacked reasonable suspicion to stop a vehicle after the driver did nothing more than honk his horn and motion the defendant to change lanes. Similarly, Lynch contends that Wright had no reasonable suspicion to stop him because all he had done was blow his horn and say "Hey, man, I got to get to work." Contrary to Wright's allegations that Lynch appeared emotionally distressed and therefore posed a threat of workplace violence, Lynch insists that he was not agitated or upset at this point. As the non-movant, Lynch's version of the facts must be credited for purposes of summary judgment. Accepting

5

Lynch's tale of the encounter as true, Wright did not have reasonable suspicion to initiate a Terry stop. Accordingly, since Lynch has raised sufficient issues of fact to merit a trial on his cause of action for unreasonable search and seizure, we must reverse the district court's summary judgment on that claim.

Lynch further contends that the district court erroneously granted summary judgment on his claims for excessive use of force, false arrest, and malicious prosecution. We find that these claims are without merit and affirm the district court's judgment. First, Lynch fails to state an excessive force claim because he has not alleged more than a de minimis injury. *See* Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999).

Second, Lynch's false arrest claim is invalid because he was not placed under arrest until he voluntarily turned himself in on an outstanding warrant that was issued by an independent magistrate. Furthermore, by failing to provide any legal or factual support for this issue in his brief, Lynch has waived the challenge to the district court's disposition of the false arrest claim. *See* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir. 1995); United States v. Maldonado, 42 F.3d 906, 910 n.7 (5th Cir. 1995).

Finally, we affirm the summary judgment on Lynch's malicious prosecution claim. As the magistrate judge explained, Lynch's prosecution for resisting arrest is justified by § 38.03 of the

Texas Penal Code, which penalizes anyone who prevents or obstructs a peace officer from effecting any arrest or search and provides that it is no defense to prosecution that the arrest or search was unlawful. TEX. PENAL CODE ANN. § 38.02. In the instant case, Lynch admits that he drove away from the scene while Wright was checking his identification, that he "brushed" against Wright during the pat down search, and that he verbally sparred with Wright throughout the encounter. Even though the Terry stop was unjustified, probable cause existed for a resisting arrest charge because Lynch admittedly defied Wright throughout the encounter. Since probable cause existed, Lynch's malicious prosecution claim fails. *See* Evans v. Ball, 168 F.3d 856, 859 n.4 (5th Cir. 1999)(holding that the absence of probable cause for the proceedings is a prerequisite for a malicious prosecution claim).

## III.

For the reasons stated above, we reverse the district court's grant of summary judgment on Lynch's unreasonable search and seizure claims, affirm all other aspects of the judgment, and remand for proceedings consistent with this opinion.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.