[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12917
Non-Argument Calendar
_____

D. C. Docket No. 2:13-cv-0286-SLB


WILLIAM B. CASHION NEVADA SPENDTHRIFT TRUST,
STEVEN MARK HAYDEN,

                                               Plaintiffs-Appellants,

versus


ROBERT VANCE, JR.

                                               Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 13, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

William B. Cashion Nevada Spendthrift Trust and Steven Mark Hayden (the Trust) appeal the district court's grant of state court judge Robert Vance, Jr.'s motion to dismiss with prejudice the Trust's 42 U.S.C. § 1983 claim.  The Trust contends Judge Vance deprived it of due process when he entered orders "without authority or jurisdiction" in a state court case in which the Trust was the defendant. The district court dismissed the Trust's §1983 action because it determined Judge Vance was entitled to judicial immunity.[1]  After review,[2] we agree that Judge Vance is entitled to judicial immunity and affirm the district court.

## I.  BACKGROUND

On February 8, 2012, the Trust was sued by William B. Cashion and Western Steel, Inc. in the Circuit Court of Jefferson County, Alabama.  At the time of filing, the Circuit Court of Jefferson County had a specialized Commercial Litigation Docket (CLD), which was designed to handle business disputes.  Judge Vance was the sole judge presiding over the CLD.

Initially upon filing, the case was assigned to Judge Houston Brown. However, shortly after this assignment, Cashion's attorneys filed a request for

---

[1]  The district court also found Judge Vance was entitled to Eleventh Amendment immunity to the extent the Trust's complaint could be read to assert a claim against Judge Vance in his official capacity.  The Trust does not appeal this determination.

[2]  We review the district court's dismissal of a complaint *de novo*.  *Guarino v. Wyeth, LLC*, 719 F.3d 1245, 1248 (11th Cir. 2013).

2

reassignment to Judge Vance, at which time Judge Brown submitted a request for reassignment to the CLD. The Jefferson County Presiding Circuit Judge was the only person with the authority to effect reassignment and the case was not officially transferred to Judge Vance's docket until March 14, 2012. Nonetheless, from February 8, 2012, to March 14, 2012, Judge Vance entered four orders in the action while he was not officially the presiding judge.

On February 11, 2013, the Trust filed a 42 U.S.C. § 1983 complaint in federal district court, alleging Judge Vance violated their due process rights by entering the four orders before he was officially assigned to the case. Judge Vance filed a motion to dismiss the case with prejudice, claiming judicial immunity for his actions. On June 18, 2013, the district court granted Judge Vance's motion to dismiss with prejudice. This appeal followed.

## II. DISCUSSION

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotations

3

omitted).  A judge is entitled to immunity "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Id.*

The Supreme Court established a two-part test for determining whether a judge enjoys absolute immunity in *Stump v. Sparkman*, 435 U.S. 349 (1978).  In applying that test, the first question is whether the judge dealt with the plaintiff in his judicial capacity.  *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (en banc).  If he did not, he is not entitled to judicial immunity.  *Id.*  If he did act in his judicial capacity, then we ask whether the judge acted in the clear absence of all jurisdiction.  *Id.*  Thus, we must determine whether Judge Vance acted in his judicial capacity in entering the four orders in this case while it was not officially assigned to him, and, if so, whether he acted in the absence of all jurisdiction.

We have applied the following analysis in determining whether a judge's actions were made while acting in his judicial capacity—whether:

> (1) the act complained of constituted a normal judicial function;
> (2) the events occurred in the judge's chambers or in open court;
> (3) the controversy involved a case pending before the judge; and
> (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

4

This analysis was first articulated in *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972).[3] In *McAlester*, this Court cited these four factors, that when taken together, compelled the conclusion a judge was acting "in his judicial jurisdiction." *Id.* The Fifth Circuit has since explained these "four factors are to be broadly construed in favor of immunity," and that "[i]n some situations, immunity is to be afforded even though one or more of the *McAlester* factors is not met." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

In determining whether Judge Vance was entitled to judicial immunity, the district court relied on the analysis as it was articulated in *Malina*, 994 F.2d at 1124. The factors as quoted from *Malina* differed from *McAlester* at part (3), in which "pending before the *judge*" was changed to "pending before the *court*." *See id.* at 1124 (emphasis added). The Trust argues this distinction is critical because its case was not pending before Judge Vance at the time he entered the four orders, even though the case was pending before the court. The Trust asserts this Court's precedent squarely holds that a judge acts in his judicial capacity only in cases pending before him, and the fact the case was pending before the Circuit Court of Jefferson

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

County was not sufficient to grant Judge Vance judicial immunity for his actions.

We agree with the district court's conclusion that Judge Vance was acting in his judicial capacity when entering the four orders. The distinction between "court" and "judge" at part (3) of the *McAlester* analysis is immaterial. Judicial immunity focuses on the nature of the action and the judicial character of the conduct. Entering orders is a normal judicial function occurring in judicial chambers, the orders were entered pursuant to a visit to Judge Vance in his judicial capacity, and the case was pending before the Circuit Court of Jefferson County. Although the "official" reassignment to Judge Vance from Judge Brown had not yet occurred at the time Judge Vance entered the four orders, he was acting within his judicial capacity in entering the orders.

The Trust also contends that because Judge Vance was not officially assigned to the case when he entered the orders, he was acting in the absence of jurisdiction. *See Dykes*, 776 F.2d at 945. The precedents of both the Supreme Court and the Eleventh Circuit tie judicial immunity directly to the subject-matter jurisdiction of the court, not the internal rules for assignment of its member judges. For instance, the Supreme Court has held that a judge was entitled to absolute immunity for revoking an attorney's license because the court on which the judge served, "[t]he Criminal Court of the District, as a *court* of general criminal

6

jurisdiction, possessed the power to strike the name of the plaintiff from its rolls as a practicing attorney." *Bradley v. Fisher*, 80 U.S. 335, 354 (1871) (emphasis added); *see also Stump*, 435 U.S. at 357 ("We cannot agree that there was a 'clear absence of all jurisdiction' *in the DeKalb County Circuit Court* to consider the petition presented by Mrs. McFarlin." (emphasis added)).  Similarly, this Court stated in *Dykes* that immunity exists "for judicial acts within the jurisdiction of the *court.*"  776 F.2d at 945 (emphasis added).

In Alabama, "[t]he circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law."  Ala. Const. art. VI, § 142. Subject-matter jurisdiction generally lies with a court, and not with a specific judge sitting on that court.  *Ex parte Montgomery*, 79 So. 3d 660, 668 n.4 (Ala. Civ. App. 2011).  The Circuit Court of Jefferson County had jurisdiction over the state court case.  Therefore, Judge Vance, as a Circuit Court judge of the court in which the underlying state court case was pending, did not act in the clear absence of all jurisdiction when entering the four orders at issue before the case was officially assigned to him.

## III.  CONCLUSION

Accordingly, we affirm the district court's dismissal of the Trust's complaint and grant of judicial immunity to Judge Vance.

**AFFIRMED.**

7