MARATHON OIL COMPANY and Marathon Ashland Petroleum, L.L.C. Plaintiffs,

v.

TEXAS CITY TERMINAL RAILWAY COMPANY d/b/a "The Port of Texas City"; BP Amoco Corporation; Missouri Pacific Railroad Company; Burlington Northern Santa Fe Corporation; Universal Oil Products Company, United States Department of Commerce; and United States Department of Defense Defendants.

No. G–01–336.

United States District Court, S.D. Texas, Galveston Division.

Nov. 19, 2001.

John Roy Brown, Houston, TX, for plaintiffs.

William J. Jackson, Connelly, Baker, et al., Houston, TX, for Texas City Terminal Railway Co.

Richard Austin Schwartz, Schwartz, Junell, et al., Houston, TX, for BP Amoco Corp.

David Elias Cowen, Douglas W. Poole, McLeod, Alexander, et al., Galveston, TX, for Burlington Northern Santa Fe Corp.

A. Kay Roska, Thompson & Knight, Dallas, TX, for Universal Oil Products Co.

Angeline A. Purdy, U.S. Dept. of Justice, Environmental Defense Section, Washington, DC, for U.S. Dept. of Defense.

### *ORDER GRANTING DEFENDANT UNIVERSAL OIL PRODUCTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED*

KENT, District Judge.

Plaintiffs Marathon Ashland Petroleum L.L.C. ("Marathon Ashland") and Marathon Oil Company ("Marathon Oil") bring this suit pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), 42 U.S.C. § 9613(f)(1), the Citizens' Suit Provision of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. These claims arise from the environmental contamination of a 1.28 acre tract of land located in Texas City, Texas (the "DPC Site"). Now before the Court is Defendant Universal Oil Products' ("UOP") Motion to Dismiss under Fed.R.Civ.P. 12(b)(6). For the reasons stated below, Defendant's Motion is hereby **GRANTED.**

## I. *Background*

Defendant Texas City Terminal Railway Company owns the DPC Site, a 1.28 acre tract of land in the Texas City Industrial Area. The DPC Site has a long history of industrial use, including several decades in which the area was used for the disposal and reclamation of product waste. Considering the lengthy time period that hazardous substances were allegedly leaked, spilled, funneled towards and dumped there, the current contaminated state of the 1.28 acres is not surprising. Now, despite the fact that disposal and recovery operations at the DPC Site ceased during the 1970's, the uncontrollable migration of wastes within the DPC Site allegedly constitutes an existing and continuous threat to the Texas City environment.

Over the past eighty years, a long line of lessees have controlled, managed, and operated the DPC Site. The Plaintiffs themselves are the two most recent lessees of the property. Plaintiff Marathon Ashland, current lessee of the DPC Site, acquired its lease from Marathon Oil in 1998. Plaintiff Marathon Oil, lessee from 1962 until 1997, was assigned the lease pursuant to its purchase of a portion of Plymouth Oil Company in 1962.

The pleadings filed by Marathon Ashland and Marathon Oil allege that numerous actions by multiple entities have resulted in the contamination at the DPC Site. Strictly with respect to UOP, the Plaintiffs allege that UOP is responsible, at least in part, for the contamination at the DPC site because (1) UOP owned patented cat cracker technology licensed to certain refineries in the Texas City Industrial Area to produce aviation fuel during World War II; (2) product and waste were delivered via a pipeline from one of these refineries, Plancor 17, to the DPC Site; (3) UOP was actively engaged in the design, construction and operation of the licensed refineries; and (4) UOP repaired, re-opened and operated the Republic Oil Refining Company in the Texas City Industrial Area after the Texas City explosion in 1947.

Faced with the costly cleanup of the DPC Site, the Plaintiffs filed this lawsuit against UOP others pursuant to the cost recovery and contribution provisions of CERCLA, the RCRA Citizens' Suit provision, and the Federal Declaratory Judgment Act. In response, UOP filed this Motion to Dismiss all of Plaintiffs' claims against UOP pursuant to Fed.R.Civ.P. 12(b)(6).

## II. *Analysis*

The Federal Rules of Civil Procedure authorize a federal court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the Complaint, and views them in a light most favorable to the Plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the Plaintiff can prove no set of facts in support of the claims that would justify relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

### A. *Marathon Ashland's Section 107 Cost Recovery Claims*

In Plaintiffs' Original Complaint, Marathon Ashland asserted a direct, private party cost recovery claim against UOP under 42 U.S.C. § 9607(a) (CERCLA § 107(a)). However, this Court dismissed Marathon Ashland's § 107 claims in an order dated September 24, 2001. There-

fore, UOP's Motion to Dismiss is moot with respect to Marathon Ashland's § 107 cost recovery claims.[1]

**B.** *Marathon Ashland and Marathon Oil's Section 113 Contribution Claims*

The Fifth Circuit recently held that a potentially responsible party ("PRP") cannot file a contribution claim against another PRP under CERCLA unless it has a pending or adjudged administrative abatement order or cost recovery action against it.[2] *See Aviall Servs., Inc. v. Cooper Industries, Inc.*, 263 F.3d 134, 139 (5th Cir. 2001). Currently, a Petition for Rehearing *en banc* is pending in *Aviall* and, if a rehearing is granted, the panel decision in *Aviall* will not become binding precedent. Today, however, whether or not a rehearing *en banc* will be granted remains uncertain.

On July 17, 2001, another Defendant in this lawsuit, Burlington Northern Santa Fe Corporation ("BNSFC"), filed a Motion to Dismiss Plaintiff's contribution claim against it, arguing that Plaintiff's contribution claim could not be sustained under the holding of *Aviall*. However, the Court refused to grant a dismissal of Plaintiff's contribution claims against BNSFC on the basis of *Aviall*, not because of uncertainty as to whether *Aviall* would become binding precedent, but rather, because the

pleadings on file in this case at that time did not indicate whether Marathon Ashland or Marathon Oil had ever been subjected to such an order or proceeding. Without that information, the Court was unable to determine the effect of *Aviall* on this action.

Now, UOP has filed its Motion to Dismiss Plaintiff's contribution claims, also arguing that the necessary prerequisites to a CERCLA contribution claim set out in *Aviall*, have not occurred. In response, Plaintiffs argue that because the *Aviall* decision will not be binding precedent if a rehearing *en banc* is granted, this Court should not grant UOP's request for dismissal on the basis of that decision. Plaintiffs do not indicate, however, that there is a pending or adjudged administrative abatement order or cost recovery action against them.

At this point in time, Plaintiffs are fully aware of the Court's previous pronouncements, made in conjunction with BNSFC's Motion to Dismiss, regarding *Aviall*-i.e., that the existence (or nonexistence) of a pending or adjudged administrative abatement order or cost recovery action is highly relevant to this lawsuit. Furthermore, if a pending or adjudged administrative abatement order or cost recovery action does exist, Plaintiffs could easily defeat UOP's argument that *Aviall* requires dis-

---

**1.** Although Marathon Ashland denies any liability for contamination of the DPC Site, as the current lessee of the contaminated property, Marathon Ashland undeniably qualifies as a potentially responsible party ("PRP") under CERCLA. As articulated by this Court in *Clear Lake Properties v. Rockwell International Corp.*, 959 F.Supp. 763, 766 (S.D.Tex.1997) (Kent, J.), one PRP cannot bring a direct cost recovery action against a second PRP. Marathon Ashland's cost recovery claims against UOP, an alleged PRP, are essentially contribution actions, and as such, fall solely within the purview of CERCLA § 113. *See id.* Therefore, if Marathon Ashland had not dismissed its § 107 claim against UOP, the Court

would have granted UOP's Motion to Dismiss that claim.

**2.** Subject to certain statutory exceptions, PRPs are broadly defined to include: (1) current operators and owners of vessels or facilities that accepted hazardous substances; (2) past owners or operators of facilities where hazardous substances were disposed; (3) persons who by contract or agreement arranged for the disposal or transport of hazardous substances; and (4) persons who accept or accepted hazardous substances for transport to disposal or treatment facilities. *See* 42 U.S.C. § 9607(a).

missal by merely showing as such. The Court can infer, therefore, that such an abatement order or cost recovery action does not exist. Consequently, because Plaintiffs do not have an administrative abatement order or cost recovery action pending or adjudged against them, UOP's Motion to Dismiss is **GRANTED** with respect to Plaintiffs' CERCLA § 113 contribution claim. If the Fifth Circuit elects to grant the Petition for Rehearing *en banc* that is currently pending in *Aviall,* Plaintiffs are free to request that this Court reconsider its decision regarding this matter.

**C.** *Marathon Ashland and Marathon Oil's RCRA Claims*

In Plaintiffs' Response to UOP's Motion to Dismiss, Plaintiffs clarify that "they are not seeking relief under Subpart A of the Citizens Suit Provision found in RCRA Section 7002(a)(1)(B)." Therefore, UOP's request that the Court dismiss Plaintiffs' claim under Subpart A is unnecessary. On the other hand, Plaintiffs are seeking relief under Subpart B of the Citizens Suit Provision found in RCRA Section 7002(a)(1)(B). Nonetheless, UOP's Motion to Dismiss does not seek dismissal of Plaintiffs' Subpart B claims. Instead, UOP indicates that it will seek summary judgment on those matters.

**D.** *Marathon Ashland and Marathon Oil's Claims for Declaratory Relief*

Finally, UOP argues that all of Plaintiffs claims for Declaratory Relief, predicated upon CERCLA § 107(a) and CERCLA § 113(f), are untenable legal theories and as such, require dismissal. Indeed, as set forth above, this Court has determined that Plaintiffs' claims brought pursuant to CERCLA § 107(a) and CERCLA § 113(f) are not viable. Therefore, UOP's Motion to Dismiss Plaintiffs' Claims for a Declaratory Judgment is **GRANTED.**

### III. *Conclusion*

For the reasons set forth above, Defendant UOP's Motion to Dismiss Plaintiffs' claim under CERCLA § 113(f) and claim for declaratory relief is **GRANTED,** and such claims are **DISMISSED WITHOUT PREJUDICE.** UOP's Motion to Dismiss is **DENIED** as moot with respect to Plaintiffs' claim under CERCLA § 107. The parties are **ORDERED** to proceed with discovery in the normal course of the litigation and to bear their own costs and attorney's fees incurred herein to date. In due course, the Court will enter a final judgment as to the claim disposed of by this order.

**IT IS SO ORDERED.**