Vernon J. TATUM, Jr.

v.

Robin M. GIARRUSO and ABC
Insurance Company

No. CIV.A.04–1950.

United States District Court,
E.D. Louisiana.

Dec. 6, 2004.

Vernon J. Tatum, Jr., New Orleans, LA,
pro se.

Sonia Mallett, Louisiana Department of
Justice Litigation Division, Baton Rouge,
LA, Michael Courtney Keller, Department
of Justice Litigation Division, New Or-
leans, LA, for defendants.

### ORDER AND REASONS

VANCE, District Judge.

Defendant Robin M. Giarrusso moves to
dismiss plaintiff Vernon Tatum's claims.
Giarrusso, a judge in the Civil District
Court for the Parish of Orleans, asserts
that she is entitled to absolute judicial
immunity from Tatum's claims for dam-

ages against her. She also asserts that Tatum's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Because the Court finds that Judge Giarrusso is entitled to absolute judicial immunity from suit, the Court GRANTS her motion and dismisses Tatum's claims.

## I. BACKGROUND AND PROCEDURAL HISTORY

On April 30, 2002, plaintiff Vernon Tatum filed a lawsuit in the Civil District Court for the Parish of Orleans. On May 29, 2003, he filed a new petition against the Orleans Parish Clerk of Court, Dale N. Atkins, asserting that Tatum's pleadings in the original lawsuit had been sabotaged, had never been served, and had never been processed due to neglect by the Clerk. Tatum requested damages of $88,025 for "tort behavior," "contempt inconvenience," "mental anguish," and "future damages."

On April 21, 2003, the Clerk filed a motion for summary judgment. Tatum opposed the motion and issued subpoenas to various witnesses, including the Clerk of the Court. Judge Giarrusso heard the motion on July 11, 2003. On July 15, 2003, Judge Giarrusso signed a judgment granting the motion for summary judgment and dismissing Tatum's case against the Clerk with prejudice. On August 20, 2003, Tatum appealed. The Louisiana Fourth Circuit Court of Appeals affirmed the grant of the motion for summary judgment, and the Louisiana Supreme Court denied Tatum's writ application.

On July 13, 2004, Tatum sued Judge Giarrusso in this Court. He alleges that Judge Giarrusso "conspired and prevented" the witnesses he subpoenaed from appearing and testifying at the hearing on the Clerk's motion for summary judgment, in violation of LA. REV. STAT. ANN. § 13:3661, which mandates the appearance of subpoenaed witnesses. He also alleges that Judge Giarrusso placed his case at the end of the docket to be heard in an empty courtroom. Tatum asserts that by taking these actions, Judge Giarrusso obstructed justice, suppressed evidence, deprived Tatum of due process of law, and deprived him of his civil rights under 42 U.S.C. § 1983.

Judge Giarrusso now moves to dismiss Tatum's complaint on the grounds that she is entitled to absolute judicial immunity for actions taken in her judicial capacity and that Tatum's complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. Tatum opposes the motion.

## II. LEGAL STANDARD

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996); *American Waste & Pollution Control Co. v. Browning–Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir.1991). The Court must resolve doubts as to the sufficiency of the claim in plaintiff's favor. *Vulcan Materials Company v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir.2001). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.; Piotrowski v. City of Houston,* 51 F.3d 512, 514 (5th Cir.1995) (quoting *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994)).

## III. DISCUSSION

■ Judge Giarrusso asserts the affirmative defense of absolute immunity. As a state district judge, Judge Giarrusso is absolutely immune from liability for all "judicial acts that are not performed in the

clear absence of all jurisdiction." *Brand-ley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995). Essential policy considerations support this grant of absolute judicial immunity. A judge's role in the judicial system requires that she enjoy "freedom to determine the law unfettered by the threat of collateral attacks" against her personally. *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir.1996). "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972). Absolute immunity thus applies to judicial acts within a judge's jurisdiction even in suits brought under 42 U.S.C. § 1983. *Mays*, 97 F.3d at 111. Furthermore, a judge does not lose immunity even if she was in error, took action maliciously or acted in excess of her authority. *Brand-ley*, 64 F.3d at 200. Rather, she loses immunity only if her action was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.*

Here, Tatum alleges that Judge Giarrusso "conspired and prevented" the witnesses whom Tatum subpoenaed from testifying at the hearing on the motion for summary judgment. He also alleges that Judge Giarrusso moved his hearing to the end of the day's docket. Judge Giarrusso is entitled to immunity from suit for these actions unless they were taken outside of her judicial capacity, or, even if they were within her judicial capacity, if they were performed in the complete absence of all jurisdiction. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir.1993).

## A. Judge Giarrusso's Actions Were Judicial Actions

■ To determine whether the challenged actions were within Judge Giarrusso's judicial capacity, the Court examines four factors: (1) whether the precise act complained of is a typical judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in her official capacity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). The factors should be broadly construed in favor of immunity. *Id.*

■ To determine whether the challenged acts are usual judicial functions under the first factor of the test, the Court examines the "nature and function" of the act, not the act itself. *Mireles v. Waco*, 502 U.S. 9, 12–13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The Court is to "look to the particular act's relation to a general function normally performed by a judge." *Id.* at 13, 112 S.Ct. 286. For example, in *Mireles*, the Supreme Court found that a judge was entitled to judicial immunity for directing police officers to bring the plaintiff before him. *Id.* The plaintiff asserted that the judge had directed the officers to do so with excessive force. *Id.* Although the Court acknowledged that a judge's direction to police officers to carry out a judicial order with excessive force is not a function typically performed by a judge, the Court determined that the appropriate focus was on the general nature and function of the judge's act of ordering that a person be brought before him, rather than the particular act itself. *Id.* "If only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.; see Brand-ley*, 64 F.3d at 201. That a judge's action may be improper or erroneous thus does not control whether the action is a judicial

action; rather, the Court must determine whether the act relates to a function usually performed by a judge. *See Mireles,* 502 U.S. at 12–13, 112 S.Ct. 286.

■ Here, the challenged conduct took place in the context of a summary judgment hearing. A trial judge has great discretion in controlling the proceedings in her courtroom. La. Code Civ. Proc. Ann. art. 1631; *Brown v. Associated Ins. Consultants, Inc.,* 672 So.2d 324, 328 (La.App. 1 Cir.1996); *Pino v. Gauthier,* 633 So.2d 638, 648 (La.App. 1 Cir.1993). This discretion extends not only to trial proceedings, but also to pretrial proceedings such as the hearing on the motion for summary judgment at issue in this case. *See Brown,* 672 So.2d at 328–29. Judge Giarrusso's decision to call the cases on her docket for hearing in a particular order falls within her discretion. The Court finds that Judge Giarrusso's decision about when to call plaintiff's case relates to a function ordinarily performed by a judge and is therefore an act taken within her judicial capacity.

A judge's discretion to control proceedings in her courtroom also extends to her decision to admit or exclude the testimony of witnesses. *See Pino,* 633 So.2d at 648. Judge Giarrusso's decision to exclude the testimony of witnesses whom Tatum subpoenaed falls within her discretion, regardless of whether it was improper or erroneous.[1] The decision to exclude witness testimony is a function ordinarily performed by a judge and is therefore an act taken within Judge Giarrusso's judicial capacity.

The other factors relevant to the determination of whether Judge Giarrusso's acts were judicial acts likewise weigh in favor of finding that she acted within her judicial capacity. The acts occurred in Judge Giarrusso's courtroom during the hearing on a motion for summary judgment. Her actions centered around a case pending before the court. Finally, her actions arose out of Tatum's visit to the judge in her official capacity. Because all four factors point to the conclusion that Judge Giarrusso's actions were taken in her judicial capacity, the Court finds that her actions were judicial acts.

**B. Judge Giarrusso's Actions Were Not Taken in the Complete Absence of All Jurisdiction**

■ The Court also holds that Judge Giarrusso did not perform the actions Tatum complains of "in the clear absence of jurisdiction." *Brandley,* 64 F.3d at 200. When a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Malina,* 994 F.2d at 1125; *Adams,* 764 F.2d at 298. Article 5, section 16 of the Louisiana Constitution gives a district court original jurisdiction over all civil and criminal matters, except as otherwise authorized by the Constitution. La. Const. art. V, § 16. Tatum's claims for "tort behavior," "contempt inconvenience," "mental anguish," and "future damages" do not fall within the "otherwise authorized" exception. Accordingly, Judge Giarrusso had subject matter jurisdiction over Tatum's case and did not act in the clear absence of all jurisdiction.

---

1. Because the general act of excluding witness testimony is a typical judicial function, the Court need not determine whether the particular action allegedly taken was erroneous. *See Mireles,* 502 U.S. at 12–13, 112 S.Ct. 286. The Court does, however, reject Tatum's contention that Judge Giarrusso's conduct violated La. Rev. Stat. Ann. § 13:3661. That statute requires subpoenaed witnesses to appear. It does not mandate or prohibit any action by a judge, and thus it is irrelevant to Tatum's claim that Judge Giarrusso's action was improper.

Because the Court has found that Judge Giarrusso acted within her judicial capacity and did not perform her actions in the clear absence of jurisdiction, Judge Giarrusso is entitled to absolute judicial immunity from suit. Tatum's claims are therefore dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Judge Giarrusso is entitled to absolute judicial immunity and GRANTS Judge Giarrusso's motion to dismiss Tatum's claims.