# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-31257
Conference Calendar

RONALD WALTON

Plaintiff-Appellant

v.

PARISH OF LASALLE; JOSEPH WILSON; JOSEPH KUTCH; J P MAUFFREY; J REED WALTERS

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-1148

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Ronald Walton, Louisiana prisoner # 115318, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim. Walton sued the Parish of LaSalle, the head of the Indigent Defender's Board in LaSalle, the attorney appointed by the Indigent Defender's Board to represent him, the trial judge, and the assistant district attorney who prosecuted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him. He argues that the district court erred in holding that the defendants were immune from suit or did not act under color of state law.

Walton argues that his counsel conspired with the prosecutor, the trial judge, and the head of the Indigent Defender's Board to secure his conviction and continued imprisonment. Because he raises this conspiracy allegation for the first time on appeal, we do not consider it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Although Walton contends that the trial judge acted without jurisdiction and that the prosecutor was entitled only to qualified immunity, he has not shown that the district court erred in holding that these parties were entitled to immunity from suit. See Buckley v. Fitzsimmons, 509 U.S. 259, 269-70 (1993); Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993). Similarly, because the allegations made by Walton against his defense counsel related to his counsel's performance in representing him, he has not shown that the district court erred in holding that his counsel did not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). The head of the Indigent Defender's Board may not be held liable under § 1983 for appointing counsel to represent Walton. See id. at 325-27 (recognizing § 1983 will not support liability under a theory of respondeat superior).

Walton contends that the district court also erred in applying Heck v. Humphrey, 512 U.S. 477 (1994), since he was not challenging the fact or duration of his confinement, and he sought declaratory and injunctive relief. Because a declaration that Walton's conviction was secured through a violation of due process would call into question the validity of his conviction, the district court's application of Heck was proper. See Heck, 512 U.S. at 486-87; Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

Walton has abandoned his arguments against LaSalle Parish by failing to brief them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Walton's appeal is without arguable merit and is therefore dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Walton's complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Walton is cautioned that if he accumulates three strikes under § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.