# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-20545
Summary Calendar

RALPH O. DOUGLAS,

Plaintiff-Appellant

v.

HARRIS COUNTY DISTRICT ATTORNEY; 179TH DISTRICT COURT; TEXAS
COURT OF CRIMINAL APPEALS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-580

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ralph O. Douglas, Texas prisoner # 1004998, appeals the district court's
dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which
relief may be granted. He argues that the defendants violated his constitutional
rights by failing to address and rule on all of his state habeas claims. "This court
reviews a district court's dismissal under Rule 12(b)(6) de novo, accepting all
well-pleaded facts as true and viewing those facts in the light most favorable to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the plaintiffs." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal quotation marks omitted).

Douglas argues that the defendants are not entitled to immunity from liability because they misused their power and acted contrary to federal and state law. Douglas has not shown that the defendants' actions or inactions were not judicial or prosecutorial in nature or that they were performed in the complete absence of all jurisdiction. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993); *see also Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). Therefore, the district court did not err in holding that the defendants had absolute immunity from liability for actions taken in the scope of their judicial and prosecutorial duties. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Imbler*, 424 U.S. at 427-28.

Douglas also argues that because he is not challenging the legality of his convictions or seeking damages for unconstitutional imprisonment, his action is not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Douglas fails to show that the district court erred in determining that his claims are barred by *Heck*. *See Heck*, 512 U.S. at 486-87.

Douglas's appeal is without arguable merit and is DISMISSED as frivolous. *See Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 407 (5th Cir. 2007). Because at least three of his prior civil actions or appeals have been dismissed as frivolous and count as strikes under 28 U.S.C. § 1915(g), Douglas is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g); *see Douglas v. Folsom*, No. 9:01-CV-278 (E.D. Tex. Sept. 24, 2003); *In re Douglas*, No. H-03-1381 (S.D. Tex. June 13, 2003), *aff'd*, No. 04-20089 (5th Cir. June 22, 2004)(dismissing appeal as frivolous); *In re Douglas*, No. H-03-3955 (S.D. Tex. Oct. 20, 2003); *Douglas v. Cockrell*, No. 6:03-CV-102 (E.D. Tex. Dec. 3, 2003). Douglas is WARNED that any future frivolous filings will subject him to additional sanctions, including

dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction, as will the failure to withdraw any pending matters that are frivolous.