# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2011

Lyle W. Cayce
Clerk

No. 10-30604
Summary Calendar

SHELITA WINCHESTER GUILLION,

Plaintiff-Appellant

v.

HERBERT CADE, Judge, Civil District Court Parish of Orleans,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1331

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shelita Winchester Guillion moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's 28 U.S.C. § 1915(e)(2) dismissal as frivolous of her 42 U.S.C. § 1983 lawsuit against Judge Herbert Cade, who presided over her divorce proceedings. To be granted leave to proceed IFP, the movant must demonstrate financial eligibility and a nonfrivolous issue for appeal. FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Guillion asserts that she is a pauper and that dismissal of her suit was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error because Judge Cade is not entitled to judicial immunity, renewing her argument that Judge Cade's rulings violated her due process rights.

Although Guillion devotes her brief to arguments regarding judicial immunity, judicial immunity applies only to claims for monetary damages, not to claims for declaratory relief, and she specifically withdrew her claim for monetary damages. *See Holloway v. Walker,* 765 F.2d 517, 525 (5th Cir. 1985). Even had she retained a claim for damages, the claim raises no nonfrivolous issue because Judge Cade is entitled to judicial immunity. Guillion complains about acts that the judge performed during the course of her divorce case. Although she urges that Judge Cade exceeded his jurisdiction by addressing issues of abandonment which were not properly pleaded, she nevertheless acknowledges that Judge Cade had subject matter jurisdiction over her divorce case. Consequently, to the extent Guillion seeks recovery for judicial acts during her divorce case over which Judge Cade had proper jurisdiction, her claim is barred by judicial immunity. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Guillion fails to address the district court's determination that her claim for declaratory relief was barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). She has thus abandoned her claim by failing to brief any challenge to the district court's reasons for dismissal of her suit for declaratory relief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that even pro se litigants must brief arguments in order to preserve them and that arguments not briefed on appeal are deemed abandoned).

Accordingly, there is no nonfrivolous issue for appeal, and the motion for leave to proceed IFP is DENIED. *See* FED. R. APP. P. 24(a); *Carson*, 689 F.2d at 586. The appeal is without arguable merit, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and it is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.