# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2011

No. 11-10175
Summary Calendar

Lyle W. Cayce
Clerk

HARVEY BRAMLETT, JR.,

Plaintiff - Appellant

v.

DOUGLAS WOODBURN; CAROLINE WOODBURN,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CV-238

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Harvey Bramlett, Jr., Texas prisoner # 416448, challenges the dismissal of his action under 42 U.S.C. § 1983 against Douglas Woodburn, a state-court judge, and Caroline Woodburn, a state-court clerk. Bramlett claims the district court erred in dismissing his complaint as frivolous and for failure to state a claim because: Judge Woodburn was liable for the acts of his predecessor, who retired shortly after dismissing (according to Bramlett, unlawfully) Bramlett's state-court action; Judge Woodburn was not entitled to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judicial immunity because his predecessor acted without jurisdiction;  Judge Woodburn was not entitled to immunity from requests for declaratory and injunctive relief;  and Caroline Woodburn was not entitled to qualified immunity because she intentionally failed to provide Bramlett with timely notice of dismissal, thereby denying him access to the courts and due process of law.

Dismissal of an action as frivolous and for failure to state a claim is reviewed *de novo*.  *E.g.*, *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  The district court correctly concluded:  Judge Woodburn was not personally involved in the claimed deprivation of Bramlett's rights; and, even if he was, he was entitled to absolute judicial immunity.  *See James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008); *Malina  v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Bramlett fails to address the district court's ruling that his claims for declaratory and injunctive relief were barred by the *Rooker-Feldman* doctrine. He has therefore abandoned this issue.  *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, the district court concluded Bramlett failed to state a claim for relief against Caroline Woodburn because he claimed only that she was negligent in failing to timely notify him of the judgment.  The district court provided Bramlett an opportunity to amend his complaint to correct this deficiency, but he did not do so.  Bramlett now contends Caroline Woodburn acted intentionally, but we need not consider this assertion because it is raised for the first time on appeal.  *E.g.*, *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  Based on the information before the district court, Bramlett failed to state a claim against Caroline Woodburn.  *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986) (negligence cannot support § 1983 action for violation of due process).

AFFIRMED.