**Teddy ST. CLAIR, Plaintiff,**

v.

**JOHNNY'S OYSTER & SHRIMP, INC., Defendant.**

**No. Civ.A. G–99–594.**

United States District Court, S.D. Texas, Galveston Division.

Dec. 17, 1999.

Kenneth Ross Citti, Citti & Crinion, Houston, TX, for Ross Citti, mediator.

Paul G. Ash, Jr, Attorney at Law, Galveston, TX, David Alan Slaughter, Attorney at Law, Houston, TX, for Teddy St. Clair, plaintiff.

James Richard Watkins, Royston Rayzor et al, Galveston, TX, Marc H. Schneider, Waldron Schneider et al, Houston, TX, for Johnny's Oyster & Shrimp, Inc., defendant.

James Richard Watkins, Royston Rayzor et al, Galveston, TX, Marc H. Schneider, Waldron Schneider et al, Houston, TX, for Shrimps R US, Inc., defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KENT, District Judge.

Plaintiff St. Clair brings claims for personal injuries allegedly sustained while employed as a seaman for Defendant Johnny's Oyster & Shrimp, Inc. aboard the vessel CAPT. LE'BRADO. Now before the Court is Defendant's Motion to Dismiss. For the reasons stated below, Defendant's Motion is conditionally **DENIED** *for the time being.*

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. *See* FED. R.CIV.P. 12(b)(6). When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

The basis for Defendant's Motion to Dismiss surrounds the ownership of CAPT. LE'BRADO at the time of Plaintiff's accident, which occurred on August 26, 1999. Defendant alleges that it "does not now, and did not at the time the alleged incident own or operate the vessel CAPT. LE'BRADO." *Def.'s Am. Mot. to Dismiss at 1.* Defendant notes that on July 1, 1999, ownership was transferred to Oysters R Us, Inc., and on August 1, 1999, Oysters R Us, Inc. transferred ownership of the vessel to Shrimps R Us, Inc. Therefore, because Defendant is not the owner of the vessel, it seeks dismissal under FED. R.CIV.P. 12(b)(6). Plaintiff responds that he has discovered "evidence"—taken off the Worldwide Web on December 1, 1999—revealing that Defendant does "in fact" own CAPT. LE'BRADO. *See Pl.'s Resp. to Def.'s Am. Mot. to Dismiss Ex. A at 1–2* (citing data from the United States Coast Guard's on-line vessel data base).

Plaintiff's electronic "evidence" is totally insufficient to withstand Defendant's Motion to Dismiss. While some look to the Internet as an innovative vehicle for communication, the Court continues to warily and wearily view it largely as one large catalyst for rumor, innuendo, and misinformation. So as to not mince words, the Court reiterates that this so-called Web provides no way of verifying the authenticity of the alleged contentions that Plaintiff wishes to rely upon in his Response to Defendant's Motion. There is no way Plaintiff can overcome the presumption that the information he discovered on the Internet is inherently untrustworthy.

Anyone can put anything on the Internet. No web-site is monitored for accuracy and *nothing* contained therein is under oath or even subject to independent verification absent underlying documentation. Moreover, the Court holds no illusions that hackers can adulterate the content on *any* web-site from *any* location at *any* time. For these reasons, any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exception rules found in FED.R.CIV.P. 807.

Instead of relying on the voodoo information taken from the Internet, Plaintiff must hunt for hard copy back-up documentation in admissible form from the United States Coast Guard or discover alternative information verifying what Plaintiff alleges. Accordingly, Plaintiff has until February 1, 2000 to garner legitimate documents showing that Defendant owns the CAPT. LE'BRADO. If Plaintiff cannot provide the Court with credible, legitimate information supporting its position by February 1, 2000, the Court will be inclined to grant Defendant dispositive relief.

**IT IS SO ORDERED.**