Filed 1/9/25  Elias v. Volpe CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DAVID ELIAS, | |
| Plaintiff and Appellant, | G063525 |
| v. | (Super. Ct. No. 30-2021-01210514) |
| JAMES VOLPE et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge. Affirmed.

David Elias, in pro. per., for Plaintiff and Appellant.

No appearances for Defendants and Respondents.

\*          \*          \*

This is the second appeal by David Elias we have reviewed in as many months. On October 24, 2024, we affirmed the issuance of a restraining order protecting appellant's mother, Delia, from David.[1] (See *Elias v. Elias* (Oct. 24, 2024, G062543) [nonpub. opn.] (*Elias Elder Abuse Case*[2]).)

In 2021, David brought a lawsuit alleging six causes of action against his sister, Elizabeth and her boyfriend, James Volpe. He alleged Elizabeth influenced their aging and infirm mother to evict David from the family home using lies and manipulation. Neither Elizabeth nor Volpe appeared at trial. After David made his case to the court, the court issued a written ruling finding he had failed to meet his burden of proof in each cause of action. We conclude David has not made out any grounds for reversal. We therefore affirm the judgment.

STATEMENT OF FACTS[3]

David, who alleges he is disabled, was living at his elderly mother Delia's home. David appears to have at least two brothers, Paul and Albert, and one sister, Elizabeth. According to David, Paul is severely

---

[1] Because this matter involves a family dispute among members bearing the same surname, we refer to the family members by their first names.

[2] Since the trial court in this matter referred to the restraining order case as *Elias Elder Abuse*, we adopt the same nomenclature.

[3] The record filed in this matter was extremely scanty. Only the register of actions, final ruling, exhibit list, judgment, and several posttrial filings were included in the clerk's transcript. On our own motion, we take judicial notice of David's complaint, amendment to the complaint, and proof of service of same in the underlying matter, *Elias v. Elias* (Super. Ct. Orange County, 2021, No. 01210514), as court records. (See Evid. Code, § 452, subd. (d).) We take judicial notice of the allegations and statements made in these documents, and not their truth or accuracy.

mentally disabled and also lives at Delia's home. When their father died, the siblings disagreed over how the money in the decedent's estate was being handled by the trustees, who were their half-sisters.[4] David feels Albert blames him for "driving up the costs costing them their inheritance."[5] He alleged that Albert convinced Elizabeth and Delia to evict David because he squandered the inheritance.

David alleges Elizabeth falsely reported to police in July 2021 that David is or was abusing Delia. He further alleged Elizabeth has threatened him in text messages, phone calls, and e-mails. And David says Elizabeth has convinced Delia, who he claims is mentally infirm, that David is a problem.

PROCEDURAL HISTORY

David filed a complaint against Elizabeth and Doe defendants on July 12, 2021. The causes of action were: (1) libel, (2) intentional and negligent infliction of emotional distress, (3) inducement of breach of contract, (4) fraud, (5) senior abuse[6], (6) abuse of process. Elizabeth answered the complaint on September 15, 2021, and a court trial was scheduled for December 19, 2022.

---

[4] The record before us is unclear as to how many total heirs there were, or the exact relationship between the half-sisters and the rest of the family.

[5] It is not clear what exactly is meant by "driving up the costs."

[6] Even though the cause of action is titled "senior abuse," David cites to the elder abuse statutes, Welfare and Institutions Code section 15610.30, which pertains to financial elder abuse. Thus, we presume his claim is for financial elder abuse only.

On December 9, 2022, only 10 days before trial was scheduled to begin, David filed an amendment to the complaint, naming Volpe, Elizabeth's boyfriend, as a Doe defendant. He sought a trial continuance which the court granted, moving the trial date to September 5, 2023. David filed proof of service on Volpe, but Volpe never answered, and David never requested entry of his default.

On August 24, 2023, David requested a second continuance of trial, which the court obliged, moving the trial date to October 30, 2023.

The court trial was held on October 30, 2023, with only David appearing. He submitted eight exhibits which were admitted into evidence, and the court took his sworn testimony.[7] After taking the matter under submission, the court issued its ruling the same day.

There were multiple pieces to the court's ruling. First, the court indicated David had once again sought a continuance to submit additional exhibits. The court denied this request and suggested it had shown lenience in allowing David two previous continuances even though good cause had not been demonstrated. The court also stated he had failed to comply with its pretrial requirements pursuant to local rule.

Second, David requested that the court enter Elizabeth's default, which request was denied. The court also dismissed Volpe from the case because David had failed to prosecute the matter against him.

---

[7] There was no reporter present to transcribe David's testimony so we do not have it. In a clerk's note, the Superior Court indicated it was no longer in possession of the trial exhibits either. David did not transmit these exhibits to our court after the record on appeal was filed. Parties in possession of designated exhibits are charged with transmitting them to our court. (See Cal. Rules of Court, rule 8.224 (b)(2).)

Third, the court indicated it had declined to consider several pieces of evidence offered by David. David had asked the court to judicially notice transcripts and documents from matters before the probate court, but this request was declined because David failed to comply with California Rules of Court, rule 3.1306(c).[8] David had also had his mother's medical records from Kindred Hospital Westminster delivered to the courtroom. The court declined to consider these documents because they were procured pursuant to subpoena under Code of Civil Procedure section 1985.3[9], and his mother had not consented to their disclosure. Finally, David had asked the court to review websites to observe videos he had posted on YouTube. The court denied this request as well.

On the merits, the court found David had failed to prove by a preponderance of the evidence each of his six causes of action against Elizabeth.

DISCUSSION

I.

STANDARD OF REVIEW

David's arguments on appeal fall into two categories. The first category is evidentiary in nature. David contends the trial court erred by refusing to consider the "hyperlinks," presumably the videos he posted to YouTube. He also claims the court should have accepted the medical records

---

[8] California Rules of Court, rule 3.1306, subdivision (c) requires a party to provide the court with a copy of the material of which judicial notice is requested.

[9] Code of Civil Procedure section 1985.3 provides the procedure by which personal records of a consumer may be subpoenaed. Notice to the consumer is required for the subpoena to be valid. (*Id.* at subds. (e) & (k).)

into evidence. We will not overturn the trial court's evidentiary rulings absent an abuse of discretion. (See *Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 446-447.)

David also contends the evidence does not support the trial court's finding that he failed to meet his burden of proof on his causes of action. This argument is subject to a substantial evidence review, keeping in mind that an appellant's burden to overcome a failure of proof is especially tricky. In such a case, "'the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding."' [Citation.]" (*Sonic Manufacturing Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 466.)

II.

EVIDENTIARY ISSUES

The trial court did not err in refusing to consider the hyperlinked YouTube videos or Delia's hospital records. As to the YouTube videos, David cites no legal authority to indicate the trial court had to consider any material hyperlinked to the internet. Writings or other digital material from the internet must be carefully scrutinized in order to be admissible. (See *People v. Beckley* (2010) 185 Cal.App.4th 509, 515-516 ["Even the Attorney General recognizes the untrustworthiness of images downloaded from the internet, quoting the court's warning in *St. Clair v. Johnny's Oyster & Shrimp, Inc.* (S.D.Tex. 1999) 76 F.Supp.2d 773, 775 that '[a]nyone can put anything on the Internet. No web-site is monitored for accuracy and *nothing* contained therein is under oath or even subject to independent verification absent underlying documentation. Moreover, the [c]ourt holds no illusions

that hackers can adulterate the content of *any* website from *any* location at *any* time'"].)

We also conclude the trial court was within its discretion to exclude Delia's medical records. It is unclear in the first instance how these records would be relevant to David's causes of action. He has not alleged physical elder abuse against Delia. Moreover, David told the trial court that Delia had not consented to disclosure of the records. Under Code of Civil Procedure section 1985.3, subdivision (b), the party subpoenaing a consumer's personal records must serve notice on the consumer and give her an opportunity to object to the production of the records. Without proof that this was done, the privacy rights of the consumer are jeopardized.

III.

MERITS OF THE CAUSES OF ACTION

A. *Libel and Abuse of Process Claims*

Both of these causes of action essentially alleged the same conduct on Elizabeth's part: she allegedly encouraged and influenced Delia to make false reports of abuse by David in order to evict him from her home. David had alleged in his complaint that the statements were reported by Delia, not Elizabeth. And David testified to the effect that Elizabeth made false claims of elder abuse in the *Elias Elder Abuse Case*. Especially given the affirmance of the restraining order only two weeks ago, however, David's claim of falsehood does not ring true.

B. *Intentional or Negligent Infliction of Emotional Distress*

In his complaint, David goes through a list of conduct by his sister which he deems outrageous. Even if we were to assume, arguendo, that Elizabeth's conduct was outrageous, both causes of action for intentional or negligent infliction of emotional distress require the plaintiff to prove

7

emotional distress as a result of the conduct. In *Hughes v. Pair* (2009) 46 Cal.4th 1035, our state Supreme Court stated it "has set a high bar. 'Severe emotional distress means " 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."'" (*Potter v. Firestone Tire & Rubber Co.* [(1993)] 6 Cal.4th [965,] 1004.)" (*Id.* at p. 1051.) We are unable to discern any evidence David presented that he suffered severe or serious emotional distress beyond an ordinary person's coping ability. (See *Keys v. Alta Bates Summit Medical Center* (2015) 235 Cal.App.4th 484, 491.)

## C. *Inducement of Breach of Contract*

David alleged that Elizabeth induced Delia to breach the rental agreement by which David could reside at her house. The trial court found David was no longer permitted to live at Delia's home because of the restraining order, and even so, David had testified at trial that he had a month-to-month tenancy. He has shown no breach of the agreement.

## D. *Fraud*

This cause of action was alleged with insufficient particularity, but essentially David appears to allege that Elizabeth defrauded Delia so that she could take control of the family residence. David also alleged Elizabeth concealed information from him, but was vague as to what the information was. The trial court found no evidence of fraud, and we see none in the record.

## E. *Financial Elder Abuse*

David purported to bring a financial elder abuse claim on behalf of Delia, but the trial court found he did not have standing to bring such a claim on her behalf. We see no error in this conclusion, especially given the fact that Delia has a restraining order in effect against him.

DISPOSITION

The judgment is affirmed. Appellant shall bear his own costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.